

FILED

NOV 06 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50421 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-01447-LAB-2 |
| v. | |
| PABLO OSCAR ANZALDO-CONTRERAS, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50052 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-01447-LAB-1 |
| v. | |
| FERNANDO JAVIER ALARID, | |
| Defendant - Appellant. | |

Appeals from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted November 4, 2013[]
Pasadena, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Defendants Pablo Oscar Anzaldo-Contreras and Fernando Javier Alarid appeal their convictions for conspiracy to import marijuana, 21 U.S.C. §§ 952, 960, 963; conspiracy to distribute marijuana, 21 U.S.C. §§ 846, 841(a)(1); and possession of marijuana with intent to distribute and aiding and abetting, 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2, as well as the length of their sentences. We affirm.

1. Sufficient evidence supported Defendants' convictions. We review de novo for sufficiency of the evidence, United States v. Sullivan, 522 F.3d 967, 974 (9th Cir. 2008) (per curiam), and reverse only if the evidence, viewed in the light most favorable to the prosecution, is insufficient to allow "any rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt," Jackson v. Virginia, 443 U.S. 307, 319 (1979). The testimony of a co-conspirator is sufficient to sustain a conviction so long as that testimony is not "incredible or unsubstantial on its face." United States v. Lopez, 803 F.2d 969, 973 (9th Cir. 1986). Because the co-conspirator testimony against Defendants was not incredible on its face and

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

was, in fact, partially corroborated by independent evidence, we must affirm. United States v. Yossunthorn, 167 F.3d 1267, 1270 (9th Cir. 1999).

2. The district court did not abuse its discretion, United States v. Simtob, 485 F.3d 1058, 1064 (9th Cir. 2007), when it responded to two jurors' inquiries about safety and then allowed them to remain on the jury.[1] "When a source presents the court with a colorable claim of juror bias, the court must make some inquiry of the juror, whether through an in camera hearing or otherwise, to determine whether the allegedly affected juror is incapable of performing the juror's functions impartially." Id. (internal quotation marks omitted). Even assuming a "colorable claim of juror bias,"[2] the court followed proper procedures. The district judge, with counsel for both parties present, conducted individual in camera interviews with each juror who expressed concerns. He allowed the jurors to stay only after he was satisfied that each could serve impartially. At

---

[1] The government notes that Defendants failed to object to the continued presence of the jurors at trial, even though they were aware of the jurors' concerns at the time, and so review is only for plain error. United States v. Olano, 507 U.S. 725, 731 (1993). Because we would reach the same decision under either standard, we use the more lenient standard.

[2] It is not clear that there was an initial "colorable claim of juror bias." Unlike the juror in Simtob, who felt threatened by the defendant because he allegedly "eye-ball[ed]" the juror, 485 F.3d at 1060, the jurors here expressed only generalized concern about being involved in a case in which enormous quantities of drugs were at issue.

3

Defendants' request, the judge also addressed the jury at large. There is no evidence that jurors' initial concerns about serving on a high-profile case deprived Defendants of the right to an impartial jury.

3. Defendant Anzaldo-Contreras' 235-month sentence was not procedurally erroneous or substantively unreasonable. United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We review sentencing decisions for abuse of discretion.[3] Id. The district court properly calculated the Guidelines, explicitly recognized that they were advisory, properly considered the 18 U.S.C. § 3553(a) factors and the recommendations of the parties, id. at 991, adequately explained the chosen sentence based on that analysis and the facts in the record, and committed no other procedural error, Gall v. United States, 552 U.S. 38, 51 (2007). The court considered the disparity between Anzaldo-Contreras' sentence and those of co-defendants, 18 U.S.C. § 3553(a)(6), and permissibly determined that the differences were justified by the co-defendants' cooperation with the government

---

[3] Although Defendants argue only substantive unreasonableness, two of their objections (insufficient consideration of the government's recommendation, reliance on erroneous facts) appear to assert procedural error. The government notes that Defendants failed to object to the district court's procedures at trial, and so we should review for plain error. United States v. Valencia-Barragan, 608 F.3d 1103, 1108 (9th Cir. 2010). Again, because we reach the same result under any standard, we use the standard more favorable to Defendants and review for abuse of discretion.

and Anzaldo-Contreras' continued refusal to take responsibility during sentencing, United States v. Smith, 424 F.3d 992, 1016-17 (9th Cir. 2005). The 235-month sentence—at the low end of the Guidelines' recommended range—was not substantively unreasonable in light of the totality of the circumstances, the deference due the district judge's individualized determination, and the 18 U.S.C. § 3553(a) factors. Carty, 520 F.3d at 995.

4. Defendant Alarid's sentence was not substantively unreasonable. We again review for abuse of discretion. Carty, 520 F.3d at 993. The range recommended under the Guildelines was 360 months to life because of the amount of marijuana, Alarid's managerial role in the conspiracy, and his prior criminal history. The district court departed downward to 300 months because of Alarid's brain tumor. Alarid points to no factor under 18 U.S.C. § 3553(a) that supports his claim of unreasonableness, United States v. Booker, 543 U.S. 220, 261-62 (2005), and in fact cites only cases in which this court has upheld the district court's downward departure for health reasons. A further downward departure premised on Alarid's health—a factor that was already properly considered by the district court—is not required.

**AFFIRMED.**

5